Filed 5/9/16  P. v. Miller CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARK MILLER,<br><br>    Defendant and Appellant. | D069012<br><br><br><br>(Super. Ct. No. SCS279592) |

APPEAL from a judgment of the Superior Court of San Diego County, Ana Espana and Garry G. Haehnle, Judges.  Affirmed.

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Mark Miller appeals a judgment following his guilty plea to one count of possession of a controlled substance while in prison (Pen. Code, § 4573.6).[1]

---

[1]    All statutory references are to the Penal Code.

FACTUAL AND PROCEDURAL BACKGROUND

In June 2015, a complaint charged Miller with one count of possession of a controlled substance while in prison (§ 4573.6) and alleged he had two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12, 668). In July, pursuant to a plea agreement, Miller pleaded guilty to one count of possession of a controlled substance while in prison (§ 4573.6). His plea form stated that he was induced to plead guilty by the stipulated prison term of two years consecutive to his current prison sentence and dismissal of the remainder of the complaint. As part of his guilty plea, Miller waived his right to appeal that stipulated sentence. The trial court questioned Miller regarding the plea agreement and waiver of his constitutional rights, found a factual basis for his plea, and accepted his guilty plea and admissions. Miller admitted that on or about March 17, 2014, he illegally and knowingly possessed a controlled substance while in prison. At sentencing, the trial court imposed the stipulated sentence of two years in prison, consecutive to his current prison sentence, in accordance with Miller's guilty plea and imposed certain fines and fees.

Miller timely filed a notice of appeal. The trial court denied his request for a certificate of probable cause.

DISCUSSION

Miller's appointed counsel has filed a brief summarizing the facts and proceedings below. Counsel presents no argument for reversal of the judgment, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. Counsel identifies the following possible, but

2

not arguable, issues for our review: (1) was Miller properly advised of his constitutional rights prior to his guilty plea; (2) was there a factual basis for his guilty plea; and (3) was the sentence imposed by the trial court in accordance with his guilty plea?

We granted Miller permission to file a supplemental brief on his own behalf, but he has not responded. A review of the record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California*, *supra*, 386 U.S. 738 has disclosed no reasonably arguable appellate issues. Miller has been competently represented by counsel on this appeal.

DISPOSITION

The judgment is affirmed.

McDONALD, J.

WE CONCUR:

BENKE, Acting P. J.

IRION, J.